IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:18-CR-00014-JRG-RSP-2 |
| DENISE MICHELLE TAYLOR, | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Time Credit (the "Motion") filed by Defendant Denise Michelle Taylor ("Defendant"). (Dkt. No. 249.) Having considered the Motion, the record, and the applicable law, the Court finds that the Motion should be and hereby is be **DENIED**.

### I.   BACKGROUND

After entering a guilty plea, Defendant was sentenced to 120 months' imprisonment on December 20, 2019 for one count of conspiracy to distribute and possess with intent to distribute methamphetamine. (Dkt. No. 239.) The sentence was to be served consecutively to any other term of state or federal imprisonment. (Dkt. No. 240.) Defendant did not file a direct appeal.

### II.   DEFENDANT'S MOTION

Defendant maintains that she is entitled to credit for time-served on both her current sentence and her sentence in a previous case, No. 6:13-cr-114-20 (the "-114 Case"). (Dkt. No. 249 at 1.) Defendant requests credit for time served since December 27, 2018 and seeks an order directing the Bureau of Prisons ("BOP") "to apply [her] pre-trial detention credits, as the Court ordered in the Judgment in a Criminal Case on December 20, 2019" (the "Judgment"). (*Id.* at 1). Defendant contends that she exhausted her administrative remedies through the BOP before filing the Motion. (*Id.*)

In support of her motion, Defendant attached the Judgment from the above-captioned case, the Sentence Monitoring Computation Data, and the BOP's administrative response to her request. (*See generally* Dkt. No. 249.) Defendant states that while awaiting sentencing in the above-captioned case, she was "already serving…13 months" pursuant to the sentence in the -114 Case. (*Id*. at 10.) According to Defendant, at the time of sentencing in the above-captioned case, the 13 months from the -114 Case "had been served" and Defendant argues that the BOP is now "attempting to falsely imprison [her] for [an] additional 13 months." (*Id*.) The Court ordered the Government to file a response to Defendant's Motion. (Dkt. No. 250.)

### III. THE GOVERNMENT'S RESPONSE

The Government urges the Court to deny the Motion—asserting that Defendant is essentially inviting "double-counting" of credits, and arguing that her request is contrary to the explicit terms of the Court's Judgment and sentence. (Dkt. No. 251 at 1, 3.)

Defendant was previously held in state custody from August 3, 2018 until November 8, 2018, when she was transferred to federal custody on a revocation of supervised release in the -114 Case. (Dkt. No. 251 at 3.) In the -114 Case, Defendant was sentenced to 13 months' imprisonment on her pleas of "true" to the allegations giving rise to the revocation. (*Id*.) Defendant's case was then "transferred" to this Court on the instant charges on December 27, 2018, where Defendant remained in custody until she was committed to the BOP to serve her 120-month sentence. (*Id*.)

The Government asserts that Defendant received credit for the period of her incarceration. (Dkt. No. 251 at 3.) The Court ordered her sentence in the present case to run consecutively with the undischarged 13-month sentence from the revocation in the -114 Case, as "all accrued credit must be applied to discharge either one sentence or the other, not both at the same time." (*Id*.)

Defendant's sentence was therefore "credited against another sentence" pursuant to 18 U.S.C. § 3585(b). (*Id.*)

## IV.     LEGAL STANDARDS

The method for calculating credit for prior custody of defendants is governed by statute. *See* 18 U.S.C. § 3585(b). The statute provides as follows:

> (b) <u>Credit for prior custody</u>—A defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  The statute avoids "double-counting," wherein the BOP grants credit for time served on a federal sentence after a court has already acknowledged the credit by way of credit on a state sentence. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 333 (1992). The Supreme Court made clear that this section forbids a defendant from receiving "double credit" for her detention time. *Id*. at 337 ("Congress made clear that a defendant could not receive a double credit for h[er] detention time.").

## V.     DISCUSSION AND ANALYSIS

Defendant received credit for her time spent in detention. Contrary to her contention, Defendant is not wrongly serving an additional 13 months' imprisonment. The record reflects that Defendant was arrested in Gregg County on May 12, 2018, for public intoxication. (*See* Dkt. No. 214 at 16.) Defendant was assessed a fine and released on May 13, 2018. Subsequently, on August

3, 2018, Defendant was arrested in Upshur County for Drug and Weapon charges and was held on a United States Marshal detainer. (*Id*. at 16–17.)

On November 8, 2018, Defendant was turned over to the exclusive custody of the United States Marshal. On December 7, 2018, Defendant's supervision in the -114 Case was revoked and Defendant was sentenced to 13 months' imprisonment. (*See* -114 Case, Dkt. No. 862.) On December 20, 2019, the Court in the above-captioned case sentenced Defendant to 120 months' imprisonment, ordering Defendant to serve her sentence consecutively to any previous state or federal sentence. (Dkt. No. 240.) The Judgment further provides that Defendant shall receive credit for her time in detention since December 27, 2018. (*Id*.)

On August 18, 2022, Defendant's federal sentence computation was updated, and her sentences were "de-aggregated" to reflect a satisfaction date of July 11, 2019 for her sentence in the -114 Case. (Dkt. No. 249 at 8.) Defendant's sentence in the above-captioned case was computed separately to commence on December 20, 2019—the date of her sentencing. (*Id*.)

Defendant received prior custody credit—for May 12 and 13, 2018, as well as August 3, 2018 through December 6, 2018—in the -114 Case. (Dkt. No. 249 at 8.) The Judgment in the present case specifically denotes that Defendant received custody credit for time served since December 27, 2018—demonstrating that her time credits were applied to her 13-month sentence, which was ordered to be discharged consecutively. Defendant also received custody credit in this case from July 12, 2019—the day after she satisfied her previous 13-month sentence—through December 19, 2019, which was the date before her 120-month sentence commenced on December 20, 2019. (*Id*.)

## VI. CONCLUSION

Section 3585 specifically provides that all accrued credit must be applied to discharge one sentence or another—but not both. Accordingly, Defendant is not entitled to credit for *both* time served on her 13-month sentence in the -114 Case *and* on her 120-month sentence in this case. *See United States v. Chatman*, 810 Fed. App'x 323, 324 (5th Cir. 2020) ("Furthermore, under the plain text of § 3585(b), credits for time serviced may be granted only if the time has "not been credited against another sentence."). Defendant received the time credit to which she was entitled. Consistent with the foregoing analysis, Defendant's Motion (Dkt. No. 249) is **DENIED**.

**So ORDERED and SIGNED this 2nd day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE